**STATE of North Dakota, Plaintiff and Respondent,**

v.

**Larry F. DAVIS, Defendant and Appellant.**

**Cr. 323.**

Supreme Court of North Dakota.

Nov. 29, 1965.

Walter O. Burk, Williston, for appellant.

Helgi Johanneson, Atty. Gen., and Albert A. Wolf, State's Atty., Bismarck, for respondent.

ERICKSTAD, Judge.

This is an appeal from an order of the Honorable Clifford Jansonius, Judge of the District Court of Burleigh County, denying the motion of the defendant, Larry F.

Davis, to quash the criminal information filed against him which charged him with the commission of the felony of perjury.

Section 26–17–01 of the North Dakota Century Code provides that no person shall act as an agent for an insurance company without first securing a license from the Commissioner of Insurance of the State of North Dakota. It further provides that, in order to determine whether an applicant for an insurance agent's license is worthy of such license, the Commissioner may submit to him any interrogatories, on such forms and supplements as the Commissioner may prepare, and that such applicant shall make written answers thereto under oath.

The criminal information charged Mr. Davis with the commission of the crime of perjury in connection with his answer to a question in an application for an insurance agent's license. It charged that he answered, "No," under oath, to the question, "Have you ever been arrested or convicted of a crime?", when, in fact, he did not believe said statement to be true.

Two of the statutes pertinent to this appeal read as follows:

26–17–01. Insurance agent must have license from commissioner of insurance—Expiration date—Penalty.—No person shall act as agent for any insurance or surety company, except a domestic county mutual insurance company or a fraternal benefit society, and no officer, broker, agent, or subagent of any insurance or surety company shall act or aid in any manner, either directly or indirectly, in transacting the business of insurance for such company or in taking or placing risks or effecting insurance, without first procuring from the commissioner of insurance a license or certificate of authority to transact business in this state, nor shall he act as such agent after the period named in such certificate shall have expired. Each such certificate or license shall expire on the thirtieth day of April succeeding the date of its issue.

In order to determine whether or not an applicant for an insurance agent's license is worthy of such license, the commissioner may submit to him any interrogatories, on such forms and supplements as the commissioner may prepare, and such applicant shall make written answer thereto under oath. Every person who shall violate any of the provisions of this section shall be guilty of a misdemeanor and shall be punished by a fine of not less than fifty dollars nor more than five hundred dollars for each offense. North Dakota Century Code.

12–14–01. "Perjury" defined.—Every person who has taken an oath before a competent tribunal, officer, or person, in any of the cases in which such an oath may be administered by law, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed is true, and who willfully and contrary to such oath shall state or subscribe any material fact which he does not believe to be true, is guilty of perjury. North Dakota Century Code.

Upon arraignment in district court Mr. Davis made a motion to quash the criminal information on the ground that the district court lacked jurisdiction because the crime was a misdemeanor under § 26–17–01, N.D. C.C., and therefore should have been tried in the county court with increased jurisdiction. It is from the order denying the motion to quash that this appeal is taken.

█ We agree with the trial court. Section 26–17–01, N.D.C.C., as it relates to this case prohibits a person from acting as an agent for an insurance company without first procuring from the Commissioner of Insurance a license to transact business in this state. The provision relating to interrogatories merely permits the Commissioner to submit interrogatories to which an applicant shall make written answer under oath. It does not prohibit the giving of a false answer under oath or provide a penal-

ty therefor. Under these circumstances, perjury was the proper charge.

Our law provides punishment for perjury as follows:

12–14–13. Punishment of perjury.— Perjury is punishable by imprisonment in the penitentiary as follows:

1. When committed on the trial of an information or indictment for felony, by imprisonment for not less than ten years;

2. When committed on any other trial or proceeding in a court of justice, by imprisonment for not less than one year nor more than ten years;

3. In all other cases, by imprisonment for not less than one year nor more than five years.

North Dakota Century Code.

The crime of perjury, therefore, comes within the definition of a felony as contained in Section 12–01–07:

12–01–07. Classification of Crimes— "Felony" and "misdemeanor" defined.— Crimes or public offenses are either felonies or misdemeanors. A felony is a crime which is or may be punishable with death or imprisonment in the penitentiary. Every other crime is a misdemeanor. When a crime punishable by imprisonment in the penitentiary also is punishable by fine or imprisonment in a county jail, in the discretion of the court or jury, it is, except when otherwise specially declared by law to be a felony, a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the penitentiary. North Dakota Century Code.

As the district court has jurisdiction in felony cases, the decision of the trial court is affirmed.

BURKE, C. J., and TEIGEN, STRUTZ and KNUDSON, JJ., concur.